**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**


ALEJANDRO RIVERA
REG #14842-179                                                                    PLAINTIFF

V.                                      2:07CV00079 JLH/JTR

EDNA J. PRINCE, DR.,
FCI, Forrest City, Arkansas, et al.                                       DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy

will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the

right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A-149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is no longer a federal prisoner,[1] has filed a *pro se* Complaint alleging claims under *Bivens*[2] and the Americans with Disabilities Act arising from the Defendants' failure to provide him with adequate medical care while he was incarcerated at the FCI located in Forrest City, Arkansas ("FCI-FC"). *See* docket entry #2. Defendants have filed a Motion to Dismiss, a Supporting Brief, and a Supplement to the Motion to Dismiss. *See* docket entries #26, #27, and #36.

---

[1] When Plaintiff commenced this action, he was incarcerated at the FCI located in Beaumont, Texas. *See* docket entry #2. On January 10, 2008, Plaintiff filed a Notice indicating that he has been released from prison and is residing at a private address in Texas. *See* docket entry #38.

[2] Because Plaintiff was a federal inmate and is now alleging constitutional violations against federal defendants, his claims are brought pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

Plaintiff has filed a Response and a Supplemental Response. *See* docket entries #35 and #37.

For the reasons set forth below, the Court recommends that the Motion be granted, and that this case be dismissed, without prejudice, based on Plaintiff's failure to fully and properly exhaust his administrative remedies.

## II. Discussion

Plaintiff alleges that, while he was incarcerated at FCI-FC, Defendants failed to provide him with adequate medical care for a pterygium on his left eye. *See* docket entry #2. Specifically, Plaintiff contends that Defendants waited three years and nine months before providing him with the corrective eye surgery recommended by a private optometrist, and that this delay resulted in him becoming legally blind in his left eye. *Id.*

Defendants argue that this case must be dismissed, without prejudice, because Plaintiff failed to fully and properly exhaust his administrative remedies.[3] *See* docket entries #26, #27, and #36. The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle,* 534 U.S. 516, 525 (2002) (applying the PLRA exhaustion requirement to federal inmates). The purposes of

---

[3] The Court is mindful that a motion to dismiss should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 127 S.Ct. 910, 923 (2007);[4] *see also Woodford v. Ngo*, 126 S.Ct. 2378, 2385-87 (2006). Importantly, the Eighth Circuit has clarified that the PLRA requires inmates to: (1) <u>fully</u> and <u>properly</u> exhaust their administrative remedies as to each claim mentioned in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

## A.    Grievance #330531

On April 2, 2004, Plaintiff filed Grievance #330531 alleging that he was not receiving adequate medical care for his left eye. *See* docket entries #27 and #36, attachments. On April 27, 2004, the FCI-FC Warden denied this grievance, on the merits, because corrective surgery was not deemed medically necessary at that time. *Id.* Although he was instructed to do so, Plaintiff did <u>not</u> appeal the Warden's decision to the Regional Director. Accordingly, Plaintiff did not "fully" exhaust his administrative remedies regarding Grievance #330531. *See* 28 C.F.R. § 542.10 to 542.18 (providing that a federal inmate must appeal the Warden's denial of a grievance to the Regional Director and then the Central Office).

---

[4] In *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007), the Supreme Court emphasized that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."

**B.**      **Grievance #433463**

On November 2, 2006, Plaintiff (who had been transferred to FCI-Beaumont) filed Grievance #433463 alleging that the delay in his receiving corrective surgery at FCI-FC caused permanent damage to his left eye.   *See* docket entry #37, Attachment A6.   On November 14, 2006, the Administrative Remedy Coordinator for the Warden sent Plaintiff a Rejection Notice stating that Grievance #433463 had been rejected – without reaching the merits – because Plaintiff: (1) failed to provide proof that he attempted an informal resolution, which is a prerequisite to filing a grievance; and (2) had only sought financial compensation, which is not recoverable in the federal prison grievance procedure. *Id.* at A5.

Instead of filing a proper grievance and the necessary proof with the Warden, Plaintiff appealed to the Regional Director.  *Id.* at A4.   On November 22, 2006, the Administrative Remedy Coordinator for the Regional Director sent Plaintiff a Rejection Notice stating that his appeal had been rejected – without reaching the merits – because Plaintiff: (1) did not file a proper grievance with the Warden; and (2) failed to provide copies of his grievance and the Warden's response.  *Id.* at A3.

Once again, instead of filing a proper grievance and the necessary proof with the Warden, Plaintiff appealed to the Central Office.  *Id.* at A2.   On December 11, 2006, the Administrative Remedy Coordinator for the Central Office sent Plaintiff a Rejection Notice stating that his appeal had been rejected – without reaching the merits – because Plaintiff had not filed a proper grievance with the Warden or a proper appeal with the Regional Director.  *Id.*  at A1.

It is well settled that a prisoner must "properly" exhaust his administrative remedies in compliance with the prison's procedural rules. *Jones*, 127 S.Ct. at 922-923; *Woodford*, 126 S.Ct.

at 2385-2388.  Thus, if a prisoner's grievances or appeals are denied due to a procedural defect, without a ruling on the merits of his claim, he has not properly exhausted his administrative remedies, as required by the PLRA.  *Id.*  Accordingly, the Court concludes that Plaintiff did not "properly" exhaust his administrative remedies in regard to Grievance #433463.

## C.      Remaining Arguments

Plaintiff also sets forth three explanations of why he did not fully and properly exhaust his administrative remedies.  *See* docket entries #35 and #37.  First, he asserts that he did not do so because monetary damages are not recoverable in the prison grievance procedure.  *Id.*  However, the United States Supreme Court squarely rejected this argument in *Booth v. Churner*, 532 U.S. 731, 736-41 (2001), by holding that the PLRA requires an inmate to complete the administrative prison grievance process even when that process does not permit an award of monetary damages.  *See also Woodford*, 548 U.S. at 2382; *Foulk v. Charrier*, 262 F.3d 687, 695 (8th Cir. 2001).

Second, he claims he failed to properly exhaust his administrative remedies because prison officials improperly delayed the processing of his forms.  *See* docket entries #35 and #37.  This argument might be persuasive if Plaintiff's grievances or appeals were rejected as untimely. However, as previously explained, they were rejected for other reasons.

Finally, Plaintiff alleges that he did not fully and properly exhaust his administrative remedies because appeals are futile and are merely a "rubber stamp" of the Warden's decision.  *See* docket entries #35 and #37.  It is well settled that a prisoner's subjective beliefs about the exhaustion process are not relevant.  *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).  Accordingly, the Court finds no merit to Plaintiff's explanations of why he did not fully and properly exhaust his administrative remedies.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' Motion to Dismiss (docket entry #26) be GRANTED, and this case be DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to fully and properly exhaust his administrative remedies.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 24th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE